UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHRISTOPHER HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24-CV-1 |
| | ) | |
| J.C.P.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which he asks to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

**I.**     ***IN FORMA PAUPERIS* APPLICATION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis*

is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

Here, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Motion to Proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding month's income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid, as authorized under 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time for reasons stated below.**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must also screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are brought against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999); *see also Neitzke*, 490 U.S. 319. The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

"governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court will now turn to screening Plaintiff's Complaint as the law requires.

## II.  FACTUAL ALLEGATIONS

In the instant action, Plaintiff alleges that Defendants J.C.P.D., T.B.I.,[1] Washington County Judicial System, Gene Scott, Lisa Rice, and Erin McArdle violated his constitutional rights during a traffic stop during which he was arrested and charged and thereafter by prosecuting him in state court based on those charges. [Doc. 2]. As a result of that prosecution, Plaintiff is currently incarcerated. *Id.*

In his Complaint, Plaintiff asserts the following claims against the defendants globally: unlawful arrest, unlawful seizure, unlawful detention, failure to investigate, abuse of process, prosecutorial misconduct, malicious prosecution, defamation of character, cruel and unusual punishment, unreasonable search and seizure, equal protection violation, emotional distress, malice, intentional and negligent infliction of emotional distress, pain and suffering, due process violations, Brady violation, fabrication of evidence, and corruption. *Id.* at 4. Plaintiff has attached

---

[1] Based on the content of the Complaint, the Court assumes that by naming the "J.C.P.D." and "T.B.I.", Plaintiff is referring to law enforcement agencies the Johnson City Police Department and Tennessee Bureau of Investigation.

a narrative description of his claims to his Complaint, along with multiple additional pages that appear to be court filings and other documents related to his state case.

In the narrative portion, Plaintiff describes more specifically the circumstances surrounding the traffic stop that led to his arrest and prosecution. [Doc. 2-1, p. 6]. Plaintiff advises that the stop occurred on September 24, 2015, and while he does not say what crime he was arrested for, he references being in possession of a stolen vehicle and a firearm. *Id.* at 6-8. Plaintiff further states that the officers involved in his arrest violated his constitutional rights during the stop but does not name those officers as defendants. Instead, he names a police department and state law enforcement agency. Plaintiff further alleges that Erin McArdle, a prosecutor involved in his case, presented fabricated evidence during various pretrial hearings and during trial and that Lisa Rice, the judge involved in his case, "abetted" the prosecution. *Id.* at 9. While Plaintiff names attorney Gene Scott as a defendant, he does not assert any facts related to Defendant Scott.

Additionally, Plaintiff contends that his speedy trial rights have been violated because he has been incarcerated for eight years and is only now having a trial. *Id.* at 5. Plaintiff further alleges that he is being prejudiced by certain officers and defendants not providing discovery to him because body camera footage "would have shown" evidence that Plaintiff was innocent of whatever crime he is, or for which he was, being prosecuted. *See e.g., id.* at 7. While Plaintiff has asserted in this portion of his discussion of the evidence that he is just now receiving a trial, in other parts of his Complaint what he says indicates that he has already had a trial. As an example, he alleges that prosecutor Erin McArdle[2] presented fabricated evidence at his trial. Plaintiff asks the Court to provide him relief, examine the evidence he has provided, free him from incarceration, and expose the injustice of the state court. [Doc. 2, p. 5].

---

[2] The Court takes judicial notice of the fact that Erin McArdle has not served in the capacity of an Assistant District Attorney for several years.

### III. LEGAL ANALYSIS

#### a. *Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

#### b. *Law governing claims alleging violation of civil rights claims*

Plaintiff is suing employees and subdivisions of a state government under 42 U.S.C. § 1983, which permits suit against government officials for violations of rights under the Constitution or other laws. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Accordingly, the Court will analyze Plaintiff's allegations in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the

Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding*, 241 F.3d at 532. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

Plaintiff also names an attorney at the state level as a defendant in this action, but private attorneys are not subject to suit under § 1983 as they are not state actors. *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004). Furthermore, even if Defendant Scott were subject to suit, Plaintiff's claim would fail because he has not provided any facts to show that Defendant Scott's actions deprived Plaintiff of his rights.

### c. *Plaintiff's challenge to his incarceration*

In his Complaint, Plaintiff asks the Court to release him from custody because he alleges that certain of his constitutional rights were violated during the prosecution of a state court criminal case, which are claims brought in federal court under 42 U.S.C. § 1983. While Plaintiff provides a laundry list of constitutional rights violations that he contends the defendants have committed against him and requests various forms of relief, for his claims to succeed he must demonstrate that his present confinement is invalid.

The Court initially observes that Plaintiff has failed to provide a logical basis for many of his claims, and instead attaches hundreds of pages of attachments, leaving the Court to try to piece his allegations together. As to Plaintiff's claim that he should be released from custody, applicable

law provides that a plaintiff cannot use 42 U.S.C. § 1983 as the vehicle by which to challenge the validity of his or her confinement. *Reese v. Gorcyca*, 55 F. App'x 348, 349 (6th Cir. 2003) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The Court cannot rule on a claim which would render a plaintiff's confinement invalid "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. This is true whether the plaintiff has already been convicted of a crime or is being detained pending trial. *Williams v. Penman*, No. 2:19-CV-12505-TGB, 2020 WL 978353, *3 (E.D. Mich. Feb. 28, 2020) (collecting cases). The rule also applies regardless of the relief sought. *Id.* (citing *Heck*, 512 U.S. at 487-89). Here, in portions of his Complaint, Plaintiff contends that he is being confined pending trial, but in other parts of the same pleading, he makes statements indicating he has already been tried and convicted. Given the standard outlined above, regardless of whether Plaintiff is awaiting trial or has already been convicted, his request that he be "freed" is premature.

### d. *Defendants' immunities*

Even if Plaintiff's claims were not premature, he has not sued the proper defendants in this action. First, Plaintiff names the J.C.P.D. as a defendant for various constitutional rights violations connected to his traffic stop and subsequent prosecution.[3] While Plaintiff references the conduct of certain individual officers in his Complaint, he does not name those officers as defendants nor does he allege that they were acting based upon a policy or custom of their employer, Defendant J.C.P.D. In order for Plaintiff to set forth a viable claim against Defendant J.C.P.D., he would have to demonstrate that the officers at issue violated his rights because they acted pursuant to a policy

---

[3] While suits against local law enforcement divisions, such as the sheriff and police departments, are not actionable under § 1983, the Court in liberally construing a pro se pleading may treat a § 1983 claim against a law enforcement division as being made against the county or city government in which the division is housed. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see e.g. Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-85-DJH, 2016 WL 1242584, at *3 (W.D. Ky. Mar. 29, 2016).

or custom of the county or city, as required in order to sue a municipality pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).

Plaintiff also names the T.B.I. as a defendant in lieu of naming the individual officers involved in his arrest. However, the T.B.I. is immune from suit under the Eleventh Amendment as an arm of the State of Tennessee. *Holmes v. Tennessee*, No. 14-5327, 2015 WL 13927114, at *1 (6th Cir. 2015) (barring suit against the TBI as an arm of the state).

Further, Plaintiff names the Washington County Judicial System as a defendant for actions taken during the prosecution of his case, but the judicial system is not a proper defendant. Additionally, Plaintiff names Judge Lisa Rice as a defendant, but she is likely immune from suit given that the actions Plaintiff alleges was taken in her capacity as a judge. *DePiero v. City of Macedonia*, 180 F.3d 770. 784 (6th Cir. 1999) (explaining that judges are absolutely immune in the performance of their duties). Plaintiff has not set forth facts which would overcome Defendant Rice's immunity from suit. Finally, Plaintiff names Erin McArdle as a defendant. While prosecutors are immune from suits for damages in some circumstances, Plaintiff has not requested monetary relief in this case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983). Nevertheless, he has not set forth sufficient factual detail to show that Defendant McArdle has violated his rights.

### e. *Plaintiff's request for appointment of counsel*

Plaintiff has also requested that the Court appoint an attorney to represent him in this case. [Doc. 2, p. 4]. In support, Plaintiff says that he needs an attorney due to his "mental history." The Court is empowered to appoint counsel to pro se litigants. 28 U.S.C. § 1915(e)(1). The Sixth Circuit has explained that the decision of whether to "appoint counsel for an indigent civil litigant" is left to the discretion of the trial court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).

At the same time, in civil cases, appointment of counsel is warranted only in exceptional circumstances. *Hill v. Michigan*, 14 Fed. App'x 401, 403 (6th Cir. 2001). Here, Plaintiff has failed to provide a sufficient basis for the Court to find that extraordinary circumstances exist which justify the appointment of counsel. Moreover, given the Court's findings as to the claims asserted by Plaintiff, it does not appear that appointing counsel would have any effect on Plaintiff's ability to assert claims which could proceed at this time. Accordingly, Plaintiff's request for counsel is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED with prejudice** as to his claims against Gene Scott, the J.C.P.D., the T.B.I., the Washington County Judicial System, and Lisa Rice, and be **DISMISSED without prejudice** as to his claims against Erin McArdle.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[4]

So ordered and respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).