UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHRISTOPHER HORTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No.: 2:24-CV-1-KAC-CRW |
| v. | ) |
| J.C.P.D., et al., | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION

This civil action is before the Court on United States Magistrate Judge Cynthia R. Wyrick's "Order and Report and Recommendation" ("Report") [Doc. 4]. On January 2, 2024, Plaintiff Christopher Horton filed a Complaint [Doc. 2] and "Application for Leave to Proceed in Forma Pauperis" [Doc. 1], seeking to sue the "J.C.P.D.," the "T.B.I.,"[1] the Washington County Judicial System, Gene Scott, Lisa Rice, and Erin McArdle for various violations [Doc. 2 at 3]. On January 30, 2024, Judge Wyrick screened the Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), in the Report [*See* Doc. 4 at 2].

On February 5, 2024, the Court received a handwritten letter from Plaintiff [Doc. 6]. The majority of that letter is illegible. Consequently, the Court issued a "Notice Regarding Letter from Plaintiff," [Doc. 7], notifying Plaintiff that his February 5 letter was illegible and not in compliance with Local Rule 5.1 [*Id.*]. Local Rule 5.1 requires that all papers filed with the Court to "be plainly typewritten, printed, or prepared by a clearly legible duplication process." *See* E.D. Tenn. L.R. 5.1.

---

[1] The Report notes that it is unclear precisely what Plaintiff means to signify with the acronyms "J.C.P.D." and "T.B.I." However, the Report presumes Plaintiff refers to the Johnson City Police Department and the Tennessee Bureau of Investigation, respectively [Doc. 4 at 3 n.1]. Viewing the facts in context, the undersigned similarly presumes Plaintiff is referring to these agencies.

The Court notified Plaintiff that it "will not consider Plaintiff's February 5 letter [Doc. 6] or any future filing from Plaintiff that does not comply with Local Rule 5.1" [Doc. 7]. Plaintiff subsequently filed several more documents that are generally illegible [*See* Docs. 8-12]. Because these filings are illegible and fail to comply with Local Rule 5.1, and the Court previously warned Plaintiff that it would not consider any future noncompliant filings, the Court will not consider them [*See* Doc. 7]. *See* E.D. Tenn. L.R. 5.1.

The Report recommends that the Court dismiss Plaintiff's "claims against [Defendants] Gene Scott, the J.C.P.D., the T.B.I., the Washington County Judicial System, and Lisa Rice" with prejudice and dismiss Plaintiff's "claims against Erin McArdle" without prejudice [Doc. 4 at 9]. No Party objected to the Report, and the time to do so has passed [*See id.* at n. 4 (providing fourteen (14) days to file any objections to the Report)]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Having reviewed the record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 4] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). Under 28 U.S.C. § 1915(e), the Court **DISMISSES with prejudice** Plaintiff's claims against Defendants Gene Scott, the "J.C.P.D.," the "T.B.I.," the Washington County Judicial System, and Lisa Rice. The Court **DISMISSES without prejudice** Plaintiff's claims against Erin McArdle. An appropriate Judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge